[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
The marriage of the parties was dissolved on May 9, 1997. The parties had entered into a written separation agreement which was approved by the court.
The agreement was not artfully drawn. The issue of living expenses was not specifically or carefully spelled out in the agreement.
Paragraph 2.2 of the agreement refers to living expenses as including mortgage, taxes, electric, oil and gas bills for a period of ten years while the wife lived at the marital home.
Paragraph 2.5 of the agreement provided that if the wife no longer lived in the marital home prior to the ten year period, then the husband would pay her reasonable living expenses for the remainder of the ten year period.
The marital home was foreclosed and the plaintiff moved to another location. Her financial affidavit indicates rent of $107.50 plus telephone, $20; food, $43.75; clothing, $5; (she no longer has a motor vehicle and therefore no gas/oil expense); medical/dental insurance premium of $18.75 and medical/dental expense of $45. These expenses total $240 per week. Plaintiff receives $185.25 per week from Social Security which leaves a net CT Page 61 shortfall to the plaintiff of $54.75 per week.
The agreement is unclear as to whether food, clothing, motor vehicle expenses and medical and dental expenses were to be a part of the reasonable living expenses the defendant was obligated to pay. The court listened to the tape recorded at the hearing on the uncontested dissolution. It was clearly recited several times that the living expenses the defendant was to pay were the first mortgage, homeowners insurance, real estate taxes, electric, heating oil and gas and cost of repairs.
Paragraph 7.1 of the agreement provided that after the divorce, each party would be responsible for the cost of their respective medical insurance coverage.
The court reviewed the financial affidavits of both parties and considered the overall financial situation of the plaintiff and entered the order of $500 per month. At the present time, the plaintiff has very modest living expenses. The plaintiff was also awarded $1.00 per year alimony as set forth in paragraph 2.1 of the agreement and expanded in paragraph 2.3 of the agreement.
With the plaintiff's Social Security of $185.25 per week plus the court order of $116.27 per week ($500 per month), the plaintiff has a total income of $301.52 per week — not a large amount by anyone's standard.
Coppeto, J.